LEGAL AID SOCIETY OF HAWAII
LEBA KAUFMANN             9313-0
924 Bethel Street
Honolulu, Hawaii 96814
Telephone:  (808) 527-8083
Facsimile:  (808) 527-8088
Email: lekaufm@lashaw.org

Attorney for Defendant
JOEL LEE TAYLOR

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ASSOCIATION OF APARTMENT OWNERS OF LILIUOKALANI GARDENS AT WAIKIKI, a Hawai'i nonprofit corporation, by its Board of Directors,<br><br>　　　　　Plaintiff,<br>　　v.<br><br>JOEL LEE TAYLOR,<br><br>　　　　　Defendant. | CIVIL NO. CV 11-00751-LEK-BMK<br><br>DEFENDANT  JOEL LEE TAYLOR'S ANSWER TO COMPLAINT FOR DECLARATORY JUDGMENT; COUNTERCLAIMS; CERTIFICATE OF SERVICE |
| JOEL LEE TAYLOR,<br><br>　　　　　Counterclaimant,<br>　　v.<br><br>ASSOCIATION OF APARTMENT OWNERS OF LILIUOKALANI GARDENS AT WAIKIKI, a Hawai'i nonprofit corporation, by its Board of Directors,<br><br>　　　　　Counterdefendant. | |

# DEFENDANT JOEL LEE TAYLOR'S ANSWER AND COUNTERCLAIM TO COMPLAINT FOR DECLARATORY JUDGMENT

Defendant Joel Lee Taylor, through the Legal Aid Society of Hawaii, answers, defends and states counts of counterclaims against the complaint filed in this action as follows:

## ANSWER TO THE COMPLAINT

1. Defendant denies each and every allegation contained in plaintiff's Complaint except as herein admitted, qualified or otherwise explained.

2. Defendant denies the allegations set forth in paragraphs 1, 2 and 3 on the grounds that they are legal arguments.

3. Defendant admits the allegations set forth in paragraph 4 that an actual controversy exists between the parties.

4. Defendant lacks sufficient information to respond to the allegations in paragraph 5 and on that basis denies those allegations.

5. Defendant admits the allegations set forth in paragraphs 6.

6. Defendant admits the allegations set forth in paragraphs 7 and 8.

7. Defendant admits that jurisdiction and venue are proper as set

|     | |
| --- | --- |
|     | forth in paragraphs 9 and 10. |
| 8.  | Defendant lacks sufficient information to respond to the allegations in paragraphs 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21 and 22, on that basis denies those allegations. |
| 9.  | Defendant admits the allegations set forth in paragraph 23. |
| 10. | Defendant denies the allegations set forth in paragraph 24. |
| 11. | Defendant Taylor denies the allegations set forth in Paragraph 25. Defendant believes he submitted the reasonable accommodation request verification in 2011 when he bought his current unit. |
| 12. | Defendant admits the allegations set forth in paragraph 26. |
| 13. | In answer to paragraph 27, Defendant admits that Dr. Torres filled out the questionnaire. Defendant denies all other allegations set forth in paragraph 27. |
| 14. | In answer to paragraph 28, Defendant admits that in response to the question "What is the disability and is it a permanent disability," Dr. Torres wrote "Agarophobia [sic], Social Phobias – Permanent Condition." |
| 15. | Defendant admits the allegations set forth in paragraph 29. |
| 16. | In answer to paragraph 30, Defendant admits that Dr. Torres wrote "it would provide a safe haven from outside stress and |

allowing [sic] a refuge from the outside world." Defendant denies all other allegations set forth in paragraph 30.

17. Defendant denies the allegations set forth in paragraphs 31 and 32.

18. Defendant admits the allegations set forth in paragraphs 33.

19. Defendant admits the allegations set forth in paragraphs 33.

20. In answer to paragraph 34, Defendant admits that the 2009 purchase was not completed.

21. Defendant admits the allegations set forth in paragraphs 35.

22. In answer to the allegations set forth in paragraph 36, plaintiff denies that he renewed his request in 2011. That was his first request for reasonable accommodation.

23. Defendant does not have sufficient information to confirm or deny the allegation set forth in Paragraph 37.

24. Defendant denies the allegations set forth in paragraphs 38 and 39.

25. Defendant admits the he made the statement quoted in paragraph 40.

26. Defendant denies the allegations set forth in paragraph 41.

27. Defendant admits to the information set forth in paragraph 42.

28.      Defendant admits that Plaintiff provided Defendant with a letter stating the rules set forth in Paragraph 43 of the complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

29.      As a first, separate and distinct affirmative defense, defendant alleges that the Complaint, and each and every claim for relief contained therein, and the allegations asserted therein, fail to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

30.      As a second, separate and distinct affirmative defense, defendant alleges that the Complaint, and each and every claim for relief contained therein, is barred in whole or in part by the doctrine of laches.

### THIRD AFFIRMATIVE DEFENSE

31.      As a third, separate and distinct affirmative defense, defendant alleges that the Complaint, and each and every claim for relief contained therein, is barred in whole or in part by the doctrine of estoppel.

### FOURTH AFFIRMATIVE DEFENSE

32. As a fourth, separate and distinct affirmative defense, defendant alleges that the Complaint, and each and every claim for relief contained therein, is barred in whole or in part by the doctrine of waiver.

### FIFTH AFFIRMATIVE DEFENSE

33. As a fifth, separate and distinct affirmative defense, defendant alleges that the Complaint, and each and every claim for relief contained therein, is barred by reason of unclean hands.

### <u>COUNTERCLAIM</u>

34. Pursuant to Rule 13 of the Federal Rules of Civil Procedure, Joel Taylor alleges the following counterclaim against the Association of Apartment Owners of Liliuokalani Gardens At Waikiki, arising out of the same transaction or occurrence alleged in the complaint.

35. Mr. Taylor is a person with a disability within the meaning of the federal Fair Housing Act and Hawaii state fair housing law. He requires the assistance of a companion dog, Nell, to ameliorate the effects of his disability, which would otherwise substantially

limit his major life activities, including socializing and caring for himself.

36. Mr. Taylor purchased a dwelling in the Liliuokalani Gardens in Waikiki ("Liliuokalani Gardens") on or about November 9, 2011. Prior to his purchase, Mr. Taylor had been assured that the Apartment Owners of Liliuokalani Gardens At Waikiki would accommodate his disability by permitting his assistance animal to occupy the dwelling with him.

37. At the same time he commenced his residence at Liliuokalani Gardens, Mr. Taylor asked for a waiver of the "no animals" policy at Liliuokalani Gardens to enable him to occupy his dwelling with his assistance animal.

38. In support of that request, Mr. Taylor submitted a Request for a Reasonable Accommodation for Disabled Individuals Form to Plaintiff completed by his physician, Dr. Alex Torres, explaining Mr. Taylor's need for his assistance animal because of his disability. At that same time, Mr. Taylor also submitted a letter from Dr. Torres, verifying that he requires the assistance of his dog, Nell.

39. The Association of Apartment Owners of Liliuokalani Gardens

At Waikiki ("the AOAO") failed to grant the request. Instead, on October 20, 2011, it demanded that Mr. Taylor provide the AOAO with additional information. To comply with the AOAO's request, Mr. Taylor, on that same date and since, provided the AOAO with additional information about his request and the basis for that request.

40.  The AOAO again failed to grant Mr. Taylor's request. Instead, on October 20, 2011, it demanded that Mr. Taylor provide the AOAO with additional information. To comply with this second request by AOAO, Mr. Taylor, on that same date and since, provided the AOAO with additional information about his request and the basis for that request.

41.  The AOAO again failed to grant Mr. Taylor's request. Instead, on November 8, 2011, the AOAO denied Mr. Taylor's request for a reasonable accommodation, stating that the AOAO refused to grant reasonable accommodations for emotional support animals. The AOAO stated the basis for its decision as follows: "The Federal District Court for the District of Hawaii has ruled that emotional support animals are not service animals or entitled to accommodation under the fair housing laws. *Prindable* v.

*AOAO* 2987 *Kalakaua,* 304 F. Supp. 2d 12451245, (U.S. Dist. Ct. Haw.2003) aff'd on other grounds 453 F.3d. 1175 (9th Cir. 2006) (Dog must be specially trained to be a service animal)." The AOAO stated that it intended to sue Mr. Taylor for declaratory relief.

42. Pending the outcome of its declaratory judgment action, the AOAO imposed conditions upon Mr. Taylor's use and enjoyment of his dwelling, as a result of his need for an assistance animal, including the following:

a. Mr. Taylor is required to have liability insurance and name the Association as a certificate holder on your liability insurance policy.

b. Mr. Taylor is barred from accessing the laundry room with his assistance animal.

c. Mr. Taylor's assistance animal must be kept within your unit except when in transit and then by way of the shortest possible route when taking him to and from your unit. Exit must be through the Wai Nani street side of the Project.

d. Mr. Taylor is barred from replacing his assistance animal upon its death.

43. Mr. Taylor is an aggrieved person within the meaning of the federal Fair Housing Act and Hawaii state fair housing law in that he has been injured by and continues to be threatened with injury by commission of discriminatory housing practices by the AOAO.

44. On December 16, 2011, the AOAO sued Mr. Taylor for declaratory relief in the United States District Court for the District of Hawaii, and this counterclaim followed.

45. By reason of the AOAO's unlawful acts or practices, Mr. Taylor has suffered from emotional distress and physical injury, including humiliation, mental anguish, and attendant bodily injury, violation of his civil rights, loss of dignity, embarrassment and otherwise sustained injury.  He has further suffered a breach of the covenant of quiet enjoyment, constructive eviction from use of certain common areas of his dwelling, as well as deprived of the full use and enjoyment of his dwelling, and an invasion of his privacy rights, including the private right of occupancy. Accordingly, Mr. Taylor is entitled to compensatory damages.

46. In doing the acts of which Mr. Taylor complains, the AOAO

acted with reckless disregard of the federally protected rights of Mr. Taylor. Accordingly, Mr. Taylor is entitled to punitive damages.

47. There now exists an actual controversy between the parties regarding the AOAO's duties under the federal and state fair housing laws. Accordingly, Mr. Taylor is entitled to declaratory relief.

48. Unless enjoined, the AOAO will continue to engage in the unlawful acts and the pattern or practice of discrimination described above. Mr. Taylor has no adequate remedy at law. He is now suffering and will continue to suffer irreparable injury from the AOAO's acts unless relief is provided by this Court. Accordingly, plaintiffs are entitled to injunctive relief.

### A.  FIRST COUNTERCLAIM

### [Fair Housing Act]

49. Mr. Taylor realleges and incorporates by reference each paragraph previously alleged in this counterclaim.

50. The AOAO has injured Mr. Taylor by committing discriminatory housing practices in violation of the federal Fair Housing Act, 42 U.S.C. § 3601, et seq.

## B.  SECOND COUNTERCLAIM

## [Discrimination in Real Property Transaction]

51. Mr. Taylor realleges and incorporates by reference each paragraph previously alleged in this counterclaim.

52. The AOAO has injured Mr. Taylor by committing discriminatory housing practices in violation of the state fair housing law, H.R.S. §515, et seq.

## PRAYER FOR RELIEF BASED ON COUNTERCLAIM

Wherefore, plaintiff Joel Taylor prays for entry of judgment against the Association of Apartment Owners of Liliuoakalani at Waikiki, that:

1. Awards compensatory damages;

2. Awards punitive damages;

3. Declares that the AOAO has violated the Fair Housing Act and its state counterpart, H.R.S. §515;

4. Enjoins all unlawful practices complained about herein and imposes affirmative injunctive relief requiring defendant, its contractors, agents, employees, assignees, and all persons acting in concert or participating with it, to take affirmative action to

provide equal housing opportunities to all tenants and prospective tenants without regard to disability;

5. Awards costs of this action, including reasonable attorneys' fees, to plaintiff; and

6. Awards all such other relief as the Court deems just.

Dated: February 3, 2012.                    Respectfully submitted,


                                            /s/ Leba Kaufmann
                                            Leba Kaufmann
                                            Legal Aid Society of Hawaii

## **PROOF OF SERVICE**

On February 3, 2012, I served a true and correct copy of the following document(s):

**DEFENDANT JOEL LEE TAYLOR'S ANSWER TO COMPLAINT FOR DECLARATORY JUDGMENT; COUNTERCLAIMS; CERTIFICATE OF SERVICE**

upon the following person(s):

> Richard S. Ekimoto
> John A. Morris
> Ekimoto & Morris LLLC
> 1001 Bishop Street, Suite 780
> Honolulu, Hawaii 96813
>
> and
>
> Dan C. Oyasato
> doyasato@hawaiicondolaw.com

by electronically filing the documents on the Court's ECF system or by regular mail.

Executed on February 3, 2012, at Honolulu, Hawaii.

/s/ Leba Kaufmann

CV11 00751 LEK BMK