CASE LOMBARDI & PETTIT
A LAW CORPORATION

MICHAEL R. MARSH     1327-0
JOHN D. ZALEWSKI     4718-0
Pacific Guardian Center, Mauka Tower
737 Bishop Street, Ste. 2600
Honolulu, Hawaii  96813
Telephone: (808) 547-5400
Facsimile: (808) 523-1888

Attorneys for Counterclaim Defendant
ASSOCIATION OF APARTMENT OWNERS OF
LILIUOKALANI GARDENS

IN THE UNITED STATES DISTRICT COURT

FOR THE STATE OF HAWAII

| | |
|---|---|
| ASSOCIATION OF APARTMENT OWNERS OF LILIUOKALANI GARDENS AT WAIKIKI, a Hawai'i nonprofit corporation, by its Board of directors,<br><br>    Plaintiff,<br><br>vs.<br><br>JOEL LEE TAYLOR,<br><br>    Defendant.<br>_____<br>JOEL LEE TAYLOR,<br><br>    Counterclaimant,<br><br>vs.<br><br>ASSOCIATION OF APARTMENT | CIVIL NO.  11-00751-LEK-BMK<br><br>**AMENDED ANSWER OF ASSOCIATION OF APARTMENT OWNERS OF LILIUOKALANI GARDENS TO COUNTERCLAIM FILED BY DEFENDANT JOEL LEE TAYLOR; CERTIFICATE OF SERVICE** |

29369/1/1387905.1

| | |
|---|---|
| OWNERS OF LILIUOKALANI GARDENS AT WAIKIKI, a Hawai'I nonprofit corporation, by its Board of directors,<br><br>　　　　　Counterdefendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## ANSWER OF ASSOCIATION OF APARTMENT OWNERS OF LILIUOKALANI GARDENS TO COUNTERCLAIM FILED BY DEFENDANT JOEL LEE TAYLOR

Comes now ASSOCIATION OF APARTMENT OWNERS OF LILIUOKALANI GARDENS AT WAIKIKI ("AOAO"), by and through their attorneys, Case Lombardi & Pettit, in answer to the Counterclaim filed by Defendant JOEL LEE TAYLOR ("Taylor") in the above-referenced action on February 3, 2012 ("Counterclaim"), allege and aver as follows:

### FIRST DEFENSE

The AOAO responds to the allegations contained in the Counterclaim as follows:

1.　　In response to paragraph 34 of the Counterclaim, the AOAO states that the matters set forth therein do not constitute allegations requiring a response by the AOAO but, to the extent that any response may be deemed to be required, denies the same.

2.　　The AOAO denies the allegations contained in paragraph 35 of the Counterclaim.

3.　　The AOAO denies the allegations contained in paragraph 36 of the Counterclaim and affirmatively states that the referenced apartment unit, No. 1019, was purchased by the Taylor Family Trust dated October 8, 1986 on or about April 27, 2011.

29369/1/1387905.1

4. In response to paragraph 37 of the Counterclaim, the AOAO admits that Taylor requested a waiver of the no pets rule in or around September of 2011 but states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and therefore denies the same.

5. In response to paragraph 38 of the Counterclaim, the AOAO admits that in or around September of 2011, Taylor submitted to the AOAO a Request for Reasonable Accommodation for Disabled Individuals Form ("Accommodation Form") that was signed and dated by a Dr. Alex Torres on August 3, 2009 but states that the Accommodation Form was incomplete and unclear and denies all remaining allegations contained therein.

6. In response to paragraph 39 of the Counterclaim, the AOAO admits that, via letter dated October 20, 2011, it requested that Taylor's current treating physician provide the additional information required to clarify the statements made by Dr. Torres on the August 3, 2009 Accommodation Form and to complete the responses required by that Form and that rather than submitting a response to that request from his treating physician, Taylor sent an email dated October 25, 2011 to the AOAO's lawyer in which he purported to respond to that request himself, but denies all remaining allegations contained therein.

7. In response to paragraph 40 of the Counterclaim, the AOAO repeats and realleges its answer to paragraph 41 of the Counterclaim as though set forth herein.

8. In response to paragraph 41 of the Counterclaim, the AOAO admits that it did not grant Taylor's request for accommodation because the Accommodation Form dated

August 3, 2009 he submitted was incomplete and unclear and Taylor failed to submit a completed and clarified Accommodation Form from his current treating physician, and states that it notified Taylor via letter dated November 8, 2011 that he could keep his dog on the premises of Liliuokalani Gardens subject to reasonable conditions stated therein pending the outcome of a declaratory relief action that the AOAO intended to file, but denies all remaining allegations contained therein.

9.    In response to paragraph 42 of the Counterclaim, the AOAO admits that the reasonable conditions for Taylor temporarily retaining his dog on the premises of Liliʻuokalani Gardens pending outcome of the declaratory relief action included Taylor being responsible for any damages or injuries caused by his dog and his obtaining liability insurance therefor with the AOAO named as a certificate holder, his dog not going into any of the laundry rooms of Liliuokalani Gardens unless previously approved by the Board, Taylor keeping his dog in his apartment unit except when in transit and then by way of the shortest possible route when taking the dog to and from the unit with exit via the Wai Nani street side of the Project, and that Taylor does not have the right to replace his dog upon its death, but denies all remaining allegations contained therein.

10.   The AOAO denies the allegations contained in paragraph 43 of the Counterclaim.

11.   In response to paragraph 44 of the Counterclaim, the AOAO admits that it filed this action for declaratory relief on December 12, 2011 seeking determinations as to

whether Taylor suffers from a handicap as defined by the applicable federal statute or a disability as defined by the applicable state statute and whether the AOAO is required to make a reasonable accommodation and to waive its no pet rules so that Taylor can retain his dog in his apartment unit, and to declare the rights and duties of the AOAO and Taylor under the Fair Housing Act and State of Hawai'i Discrimination in Real Property Transactions Act, and that Taylor filed a Counterclaim in this action, but denies all remaining allegations contained therein.

12.   The AOAO denies the allegations contained in paragraph 45 of the Counterclaim.

13.   The AOAO denies the allegations contained in paragraph 46 of the Counterclaim.

14.   In response to paragraph 47 of the Counterclaim, the AOAO admits that there is an actual controversy between the parties regarding the rights and duties of the AOAO and Taylor under the applicable federal and state laws, but denies all remaining allegations contained therein.

15.   The AOAO denies the allegations contained in paragraph 48 of the Counterclaim.

## A.  FIRST COUNTERCLAIM

### [Fair Housing Act]

16.	In response to paragraph 49 of the Counterclaim, the AOAO repeats and incorporates by reference all of its responses to paragraphs 34 through 48 of the Counterclaim as though realleged herein.

17.	The AOAO denies the allegations contained in paragraph 50 of the Counterclaim.

## B.  SECOND COUNTERCLAIM

### [Discrimination in Real Property Transaction]

18.	In response to paragraph 51 of the Counterclaim, the AOAO repeats and incorporates by reference all of its responses to paragraphs 34 through 50 of the Counterclaim as though realleged herein.

19.	The AOAO denies the allegations contained in paragraph 52 of the Counterclaim.

### SECOND DEFENSE

The allegations contained in the Counterclaim fail to state a claim against the AOAO upon which relief can be granted.

### THIRD DEFENSE

The claims for relief asserted in the Counterclaim are barred by the doctrine of laches.

### FOURTH DEFENSE

The claims for relief asserted in the Counterclaim are barred by the doctrine of estoppel.

### FIFTH DEFENSE

The claims for relief asserted in the Counterclaim are barred by the doctrine of waiver.

### SIXTH DEFENSE

The claims for relief asserted in the Counterclaim are barred by the doctrine of unclean hands.

### SEVENTH DEFENSE

Taylor lacks standing to assert the claims set forth in the Counterclaim.

WHEREFORE, the AOAO prays as follows:

    A.    That the Counterclaim be dismissed;

    B.    That it be awarded its reasonable attorneys' fees and costs; and

    C    That the Court award such other relief as the Court deems just.

DATED:    Honolulu, Hawaii, February 23, 2012.

        /s/ Michael R. Marsh  
MICHAEL R. MARSH  
JOHN D. ZALEWSKI  
Attorneys for Counterclaim Defendant  
**ASSOCIATION OF APARTMENT OWNERS OF LILIUOKALANI GARDENS AT WAIKIKI**